The judge informed the jury that if the time of hiring was not expired, the defendant was not bound, if he used ordinary care and attention, such as a prudent man would afford to his own property. (34) On returning their verdict, the jury said that they were of opinion that the time of hiring had not expired, and gave the plaintiff three months hiring only, at the rate of $4 per month, making £ 4. On a motion being made for a new trial by the plaintiff's counsel, the defendant's counsel admitted that the damages in the second count were too small, and offered to enlarge them to £ 12, or any sum the court might think the evidence warranted. At the trial, and the return of the verdict, the defendant's counsel moved for a nonsuit, or arrest of judgment, on the second count. The court overruled the plaintiff's motion for a new trial, from which he appealed.
The defendant then renewed his motion for a nonsuit, or arrest of judgment, whichever might be deemed most proper; which latter part is referred to the Supreme Court. No advantage is to be gained or lost by priority of motion, or the order in which they are stated.
The verdict of the jury is made another part of the case, and which is as follows: "Find for the defendant on all the issues on the first count in the declaration; and on the second, they find that the defendant did assume for the hire of said negro for three months; that they find for the defendant in the other counts; and they further find that there is no accord and satisfaction and release, and assess the plaintiff's damages in second count to £ 6 and costs." *Page 29 
The depositions of William Williams and Henry Speer, and a letter from Joseph Williams, the plaintiff, to defendant, and by him produced on trial, also made parts of this case.
It was admitted by plaintiff's counsel that an additional hiring of three months was made by the plaintiff to the defendant, to commence at the expiration of the former hiring, and at the same rate of hire as the first; but he further stated that the second hiring had elapsed six or eight days before he was burned to death.
It was stated by Samuel Speers, a witness on the trial, that about twilight of same day about 3 or 4 September, 1806 (not exceeding the 6th of the same month and year), the boy, the defendant, and a valuable negro fellow belonging to the defendant were engaged in (35) the defendant's still-house, emptying brandy from the runlet, in which it was received from the still, into a larger vessel, the boy in question holding a candle for that purpose, when the spirits took fire and burned him to death and the negro fellow belonging to the defendant and all the property of the defendant in the still-house.
The declaration in this case contains two counts, one to recover the value of the slave, the other to recover the hire.
As to the first, the jury found that the time of hiring was not expired
when the accident befell the slave, and that the accident was not owing to the negligence of the defendant.
As to the other count, the jury found for the plaintiff, and assessed damages to £ 6. From the evidence on the trial the plaintiff (if entitled at all on that count) was entitled to about £ 12. The defendant's counsel offered to increase the damages to that amount.
At the return of the verdict the defendant's counsel moved for a nonsuit, under the act of 1777, ch. 2, sec. 10. The plaintiff not having recovered £ 30, to which it was alleged the jurisdiction of the Superior Courts was reduced by the act giving concurrent jurisdiction with the county courts, the plaintiff's counsel moved for a new trial, on the ground of verdict being contrary to law and evidence; and both questions are submitted to this Court.
As to the motion for a new trial, we are all of opinion that the whole circumstances of the case were properly left to the jury respecting the expiration of the time, and that the right of the plaintiff, in law, to recover, depending upon that fact, which the jury have found against him, that in a case of doubtful evidence the Court should not disturb the verdict.
As to the motion for a nonsuit, the declaration shows the nature of the contract, and the verdict shows the amount, and both are within the *Page 30 
(36) jurisdiction of a justice. The act of 1777 declares that where the plaintiff in the Superior Court shall recover less than £ 50, he shall be nonsuited; and the act giving concurrent jurisdiction to the Superior and county courts not having repealed that part of 1777, which relates to the nonsuit, we are of opinion that the plaintiff should have been nonsuited, and, therefore, that the verdict be set aside and a nonsuit entered.
NOTE. — On the question of jurisdiction see 1 Rev. Stat., ch. 31, secs. 40, 41, 42, and also Mera v. Scales, 9 N.C. 364.